# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

IN RE

M. STEPHEN MINIX, SR.                                          CASE NO. 17-51915

DEBTOR

CHARITY STONE                                                  PLAINTIFF

V.

                                                         ADV. NO. 18-5003

M. STEPHEN MINIX, SR.

                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER VACATING THE ENTRY OF DEFAULT, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER, AND DENYING DEFENDANT'S MOTION TO DISMISS

In this adversary proceeding, Plaintiff Charity Stone seeks a determination that a debt owed to her by Debtor/Defendant M. Stephen Minix, Sr. should be declared non-dischargeable in accordance with § 523(a)(6).[1] This matter is before the Court on several interrelated motions: (1) Plaintiff's Motion for Default Judgment [ECF Nos. 13, 21]; (2) Defendant's Motion to Dismiss [ECF No. 31]; and (3) Plaintiff's Motion to Strike Defendant's Answer and for Entry of Judgment [ECF No. 39]. Each motion was fully briefed, and the Court has reviewed and considered all of the parties' filings. The Court also held a hearing on June 21, 2018, at which Plaintiff appeared through counsel and Defendant appeared *pro se*, and heard the parties' arguments on these motions.[2] These motions all are ripe for a determination.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] The Court also heard argument that day in connection with Defendant's Notice of Plaintiff's Failure to Comply with Discovery Deadlines [ECF No. 30]. The Court resolved that matter via separate order. [ECF No. 46.]

**JURISDICTION AND VENUE**

This Court has jurisdiction over this adversary proceeding and venue is proper. 28 U.S.C. §§ 1334(b), 1409. While Debtor has stated that he does not consent to the Court's entry of a final order in this case [*see*, *e.g.*, ECF No. 27], this Court has the authority to enter a final order on Plaintiff's non-dischargeability claim, as the United States District Court for the Eastern District of Kentucky held a few days ago. *Minix v. Stone, et al.*, Case No. 5:18-cv-00212-JMH, slip. op. at 4 (E.D. Ky. July 27, 2017) ("The bankruptcy petition and adversary proceeding involve the administration of the estate and the dischargeability of the judgment against Minix. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)."); *see also Pausch v. DiPiero (In re DiPiero)*, 553 B.R. 122, 127-128 (Bankr. N.D. Ill. 2016) (finding authority to issue a final order on a non-dischargeability claim as a constitutionally core proceeding under *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011)).

**PROCEDURAL HISTORY**

Plaintiff filed her initial complaint commencing this adversary proceeding against Debtor on February 19, 2018. At this time, Ronald E. Butler, Esq., represented Debtor in his main bankruptcy case. Mr. Butler received electronic notice of that filing via the Court's CM/ECF system. [Ch. 7 Case No. 17-51915, ECF No. 32.] On February 22, after the Court issued a deficiency because the initial complaint failed to contain a statement regarding consent in accordance with Federal Rules of Bankruptcy Procedure 7008 and 9027(a), Plaintiff filed an amended complaint (hereafter, the "Complaint" [ECF No. 5]), as well as a certificate of service of the summons and Complaint on Debtor via first class mail. The certificate of service does not state that Plaintiff served Mr. Butler, nor did Mr. Butler receive notice of these filings via

CM/ECF. Less than a month later, the Court approved Mr. Butler's withdrawal as counsel in Debtor's bankruptcy case.

The one-count Complaint attached documents from the record of a state court case that Plaintiff filed against Debtor in the Floyd County (Kentucky) Circuit Court in 2009, including an amended complaint, summons, default judgment on liability, and findings of fact, conclusions of law, and judgment awarding damages (the "Judgment" [ECF No. 5-4]). The Complaint asks the Court to find that the Judgment is non-dischargeable under § 523(a)(6).

Debtor did not file an Answer to the Complaint within 30 days of the issuance of the summons. Accordingly, on April 17, 2018, Plaintiff filed a request for the Clerk to enter default against Debtor under Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55. Default was entered on April 18. On April 24, Debtor filed an objection to Plaintiff's request for a default, arguing that he had "removed" this adversary proceeding to the district court such that "the bankruptcy clerk has no jurisdiction to grant Entry of Default Judgment." [ECF No. 11.] The Court entered an order overruling that objection two days later.

After the Clerk entered default, Plaintiff filed a Motion for Default Judgment. In response, Debtor filed an answer and an amended answer (the "Answer" [ECF No. 27]) to the Complaint, an Objection to the Motion for Default Judgment [ECF No. 29], and a Motion to Dismiss this adversary proceeding. [ECF No. 31.] Consequently, Plaintiff filed an Objection to the Motion to Dismiss [ECF No. 35] and a Motion to Strike Debtor's Answer. [ECF No. 29.]

## ANALYSIS

I. **Because the Court will Construe Debtor's Late-Filed Answer as a Motion to Vacate Default and Grant that Motion, Plaintiff's Motion to Strike and Motion for Default Judgment are Denied.**

Debtor failed to timely respond to the Complaint, and the clerk of the Court entered a default against Debtor at Plaintiff's request. Debtor never filed a formal motion with the Court

3

to set aside the default. By operation of the pertinent court rule, the entry of a clerk's default generally precludes a defendant from contesting liability or seeking affirmative relief in the case unless and until the default has been set aside. *See*, *e.g.*, *Wallace v. Fortune Hi-Tech Mktg.*, Civ. No. 5:11-127-GFVT, 2015 U.S. Dist. LEXIS 193026, at *17 (E.D. Ky. Mar. 26, 2015) ("an entry of default generally precludes the defaulted party from challenging the plaintiff's allegations or from filing subsequent motions for affirmative relief. *See* 46 Am. Jur. 2d Judgments § 304; *see also Clifton v. Tomb*, 21 F.2d 893 (4th Cir. 1927); 10A Wright & Miller, *Federal Prac. & Proc. Civ.* § 2688 (3d ed.).").

Debtor's status as a *pro se* litigant does not render court rules inapplicable. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). But, pleadings filed by *pro se* litigants must be "construed more liberally than pleadings drafted by lawyers." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). And, courts often will designate a late-filed answer as a motion to vacate default. *See*, *e.g.*, *Menotte v. King (In re King)*, 463 B.R. 555 (Bankr. S.D. Fla. 2011); *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002); *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992); *Lincoln Nat'l Life Ins. Co. v. Allen*, 2017 U.S. Dist. LEXIS 28440, at *2-3 (W.D. Tex. Mar. 1, 2017); *Damian v. Int'l Metals Trading & Invs.*, 2016 U.S. Dist. LEXIS 194253, at *1-2 (S.D. Fla. Nov. 21, 2016). In addition, the Sixth Circuit has "a general preference for judgments on the merits." *Dassault Systemes, SA v. Childress,* 663 F.3d 832, 840 (6th Cir. 2011).

A default judgment has not yet been entered here, and a clerk's entry of default can be set aside in the Court's discretion for good cause. *United States v. Goist*, 378 F. App'x 517, 519 (6th Cir. 2010); *see also* FED. R. BANKR. P. 7055 incorporating FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause...."). Under Sixth Circuit precedent, to assess

4

whether good cause exists, a court should consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983).

The Court finds good cause exists here to vacate the Clerk's entry of default. While Debtor did not advance a persuasive explanation as to why he failed to file a timely answer, Debtor objected to the entry of default, filed an Answer, and has now appeared to defend this adversary proceeding. The only prejudice to Plaintiff in not vacating default would be that Plaintiff now must litigate her case on the merits, which does not constitute undue prejudice. *See INVST Financial Group, Inc. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)) (to find undue prejudice, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."). And, as discussed below, Plaintiff did not properly serve Debtor in accordance with Federal Rule of Bankruptcy Procedure 7004(g), such that Debtor has raised a legitimate defense to the entry of a default judgment. *Dassault Systemes*, 663 F.3d at 843 (for purposes of the Rule 55(c) analysis, "[a] defense is 'meritorious' if it is 'good at law'" even if it ultimately may not be successful (citations omitted)).

As a result, the Court will construe the Answer as a Motion to Vacate Default and will grant that motion. Therefore, the Court will deny Plaintiff's Motion to Strike the Answer,[3] and Plaintiff's Motion for Default Judgment is moot.

---

[3] The Court also notes that, while a Federal Rule of Civil Procedure permits striking a pleading on certain grounds, those grounds do not include untimeliness of the filing.

A motion to strike is appropriate where a pleading contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Such is not the case here. Plaintiff moves to strike Petty's answer as simply untimely. Even if such a motion were contemplated by the Federal Rules, Plaintiff has not met her burden with respect to striking the answer. The moving party must make two showings: first, the challenged allegations must be clearly unrelated to the pleader's claim, and second, the moving party must be prejudiced by permitting those allegations to remain in the pleading. *Wailua*

## II. Debtor's Motion to Dismiss will be Denied.

Debtor has moved to dismiss the Complaint on three grounds. The first two can be dealt with summarily. Debtor argues that this Court does not have jurisdiction over this adversary proceeding under Local Rule 83.12, promulgated by the United States District Court for the Eastern and Western Districts of Kentucky, because it is a "proceeding involving tort claims for personal injury." [ECF No. 31 at 3-4.] Debtor also posits that he "removed all causes of action" between Debtor and Plaintiff to the U.S. District Court for the Eastern District of Kentucky. [*Id*. at 4-5.] These arguments fail for the reasons stated in the district court's recent order denying Debtor's motion to "remove" his main bankruptcy case and/or this adversary proceeding to that court, and dismissing that case. *Minix v. Stone, et al.*, Case No. 5:18-cv-00212-JMH, slip. op. (E.D. Ky. July 27, 2017).

Lastly, Debtor contends that the Complaint should be dismissed because Plaintiff did not serve the Summons and Complaint upon his attorney, Mr. Butler, "in compliance with [Federal Rule of Bankruptcy Procedure] 7004(g) and Local Administrative Procedures." [ECF No. 31 at 5.] In response, Plaintiff argues that whether she served Mr. Butler "is irrelevant" because he moved to withdraw as counsel in Debtor's main case, Debtor was given time to find a replacement and did not do so, and Debtor has not been prejudiced by the lack of service upon Mr. Butler. [ECF No. 35 ¶ 4.] Plaintiff has not attempted to address Bankruptcy Rule 7004(g) or the cases cited in Debtor's motion, which support Debtor's argument. *See Dreier v. Love (In re Love)*, 232 B.R. 373 (Bankr. E.D. Tenn. 1999); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

---

*Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998). No allegation of prejudice has been made here.

*McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 n.1 (D. Nev. 2002):

6

Debtor's argument regarding improper service is valid. "If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F.R.Civ.P." FED. R. BANKR. P. 7004(g). Plaintiff did not serve Mr. Butler, who was legal counsel for Debtor as of the date of filing of both versions of the Complaint, with the Summons and Complaint in compliance with Bankruptcy Rule 7004(g). Nevertheless, the Court will not dismiss this case based upon improper service.

Dismissal is not an appropriate remedy because "Rule 7004(g)'s requirement must be balanced with the constitutional limits of due process." *Barrazo v. Carter (In re Carter)*, 516 B.R. 638, 644 (Bankr. D.N.M. 2014). Another bankruptcy court, facing similar circumstances, found that it was appropriate to vacate a default judgment when a debtor's attorney was not properly served under Bankruptcy Rule 7004(g), but reasoned that the debtor was afforded due process and was not prejudiced in defending the case because he was properly served. *Tex-Link Communs., Inc. v. Lopez (In re Lopez)*, Case No. 08-41563-DML, Adv. No. 08-04120, 2008 Bankr. LEXIS 3146, at *10-12 (Bankr. N.D. Tex. Nov. 26, 2008) (citing *Matter of Covington*, 2 B.R. 120 (Bankr. S.D. Fla. 1979) and *Burke v. Greaves (In re Greaves)*, 121 B.R. 234, 236 (N.D. Ill. 1990) ("An elementary requirement of due process is notice reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections.") (internal citation omitted)).

Plaintiff has not disputed that he personally received service of process in accordance with Bankruptcy Rule 7004(b), he has not argued that he has not been given notice of the pendency of or activities occurring in this case, and he has participated in the case actively since

7

<a></a><a></a><a></a><a></a>

shortly after the Clerk's entry of default. Plaintiff cannot now cure the service issue as Mr. Butler withdrew and Debtor has not engaged new counsel.

The Court finds that Debtor has suffered no prejudice owing to Plaintiff's failure to satisfy Bankruptcy Rule 7004(g), particularly given the Court's rulings herein to vacate the entry of default. A dismissal for insufficient service of process is unwarranted as it would "elevat[e] technicalities over merits" and run contrary to "[Federal Rule of Bankruptcy Procedure] 1001's command to 'secure the just, speedy and inexpensive determination of every case and proceeding . . . .'" *RREF RB SBL-GA, LLC v. Hollis (In re Hollis)*, Case No. 15-40141-MGD, Adv. Proc. No. 15-4030-MGD, 2016 Bankr. LEXIS 733, at *9 (Bankr. N.D. Ga. Feb. 3, 2016).

## CONCLUSION

Wherefore, the Court being duly and sufficiently advised, and for the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's Motion for Default Judgment [ECF No. 13] is DENIED, and the Clerk's Entry of Default [ECF No. 10] is VACATED.

2. Plaintiff's Motion to Strike Defendant's Answer and for Entry of Judgment [ECF No. 39] is DENIED.

3. Defendant's Motion to Dismiss [ECF No. 31] is DENIED.

8

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Wednesday, August 01, 2018
(tnw)