**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE

M. STEPHEN MINIX, SR.                                              CASE NO. 17-51915

DEBTOR

CHARITY STONE                                                              PLAINTIFF

V.                                                                                  ADV. NO. 18-5003

M. STEPHEN MINIX, SR.                                              DEFENDANT

**MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

      In this proceeding, Plaintiff Charity Stone asks the Court to decide a narrow issue: whether a judgment debt owed by Debtor/Defendant M. Stephen Minix, Sr. to Plaintiff should be excepted from Debtor's discharge under § 523(a)(6).[1] In response, Debtor, acting *pro se*, states that the state court incorrectly entered that judgment. He contends that Plaintiff obtained the judgment through improper means. He also contests the nature of the evidence that Plaintiff submitted to support the damages that the state court awarded against him. Based on these arguments, he concludes that the foundation of this adversary proceeding is infirm, and it therefore should be dismissed. Defendant is wrong. The doctrine of collateral estoppel negates his arguments and compels a judgment against him in this proceeding.

      Pending before the Court are Plaintiff's Motion for Summary Judgment [ECF No. 70 (the "MSJ")] and Debtor's Motion to Dismiss [ECF No. 74 (the "MTD")]. Each motion was fully briefed, and the Court has reviewed and considered the parties' filings.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

## PERTINENT PROCEDURAL HISTORY

Plaintiff filed a complaint commencing this adversary proceeding on February 19, 2018, and an amended complaint (the "Complaint" [ECF No. 5]) shortly thereafter. The one-count Complaint attached several documents from the record of a state court case that Plaintiff filed against Debtor in the Floyd County (Kentucky) Circuit Court in 2009. The documents include: (a) an amended and verified complaint which alleges that Debtor, while performing an eye examination, committed a battery against Plaintiff; (b) a summons indicating proof of service upon Debtor; (c) a default judgment entered against Debtor on liability; and (d) findings of fact, conclusions of law, and a judgment awarding Plaintiff damages against Debtor in the amount of $40,000 (the "Judgment" [ECF No. 5-4]). The Complaint *sub judice* asks this Court to find that the Judgment is excepted from Debtor's discharge in accordance with § 523(a)(6).

After Plaintiff's unsuccessful motion for a default judgment and Debtor's unsuccessful jurisdictional challenges, *see Stone v. Minix (In re Minix)*, Case No. 17-51915, Adv. No. 18-5003, 2018 Bankr. LEXIS 2286 (Bankr. E.D. Ky. Aug. 1, 2018),[2] the parties conducted discovery. Following the close of the discovery period, Plaintiff filed the MSJ and Defendant filed the MTD.[3]

## JURISDICTION AND VENUE

This Court has jurisdiction over this adversary proceeding and venue is proper. 28 U.S.C. §§ 1334(b), 1409. For reasons previously explained, this Court has the authority to enter a final order on Plaintiff's non-dischargeability claim. *Minix*, *supra*, 2018 Bankr. LEXIS 2286 at *2; *see also Minix v. Stone,* Case No. 5:18-cv-00212-JMH, 2018 U.S. Dist. LEXIS 134710, at

---

[2] After the resolution of these motions, Debtor filed a demand for a jury trial, which Plaintiff then moved to strike. The Court sustained that motion and denied Debtor's jury demand. [ECF No. 57.]

[3] In addition, Debtor filed a Motion to Strike an exhibit to the MSJ, and Plaintiff filed a Motion to File by Alternative Means. Those motions have been resolved by separate order. [ECF No. 88.]

2

*3 (E.D. Ky. July 27, 2017) ("The bankruptcy petition and adversary proceeding involve the administration of the estate and the dischargeability of the judgment against Minix. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2).").

## ANALYSIS

### I. Debtor's MTD lacks merit.

Debtor's MTD may quote the basis for dismissal under Federal Rule of Civil Procedure 12(b)(6), but this filing is not a traditional motion to dismiss under that Rule (or Civil Rule 12(c)).[4] The MTD does not challenge whether the Complaint *states a viable claim* against Debtor under § 523(a)(6). Rather, the MTD posits that Plaintiff cannot *prove* her claim that Debtor caused a willful and malicious injury to Plaintiff resulting in a debt. [MTD at 2.] The MTD also repeatedly cites to discovery materials in this case and other information extraneous to Plaintiff's Complaint.

Civil Rule 12, made applicable to adversary proceedings under Bankruptcy Rule 7012, permits dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Because Debtor filed the MTD after he filed his Answer, Civil Rule 12(c) applies. *Lindsay v. Yates*, 498 F.3d 434, 437 n. 4, 5 (6th Cir. 2007) ("Unlike a Rule 12(b)(6) motion, which must be brought prior to answering the complaint, a Rule 12(c) motion may be brought '[a]fter the pleadings are closed but within such time as not to delay the trial....' Fed. R. Civ. P. 12(c).… [T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same....").

Because the MTD makes no effort to show that the Complaint fails to state a claim upon which relief may be granted by comparing the allegations of the Complaint with the elements of

---

[4] References to the Federal Rules of Civil Procedure appear as Civil Rule ___. References to the Federal Rules of Bankruptcy Procedure appear as Bankruptcy Rule ___.

3

a § 523(a)(6) claim, Debtor has not established an entitlement to relief under Civil Rule 12(b)(6) or 12(c). Debtor's arguments in the MTD stray beyond the four corners of the Complaint and concern whether the Judgment entered in the state court was valid. These arguments are addressed below in connection with Plaintiff's MSJ.

**II.    Plaintiff is entitled to a summary judgment on her § 523(a)(6) claim.**

    **A.    Legal standard.**

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (made applicable to adversary proceedings by FED. R. BANKR. P. 7056). The movant bears the burden to show that no dispute exists on genuine issues of material fact, and the evidence and all permissible inferences therefrom must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

    **B.    Kentucky law recognizes offensive issue preclusion.**

Plaintiff asks the Court to apply the doctrine of collateral estoppel, or issue preclusion, in this case to conclude that Debtor may not discharge the Judgment. Collateral estoppel prohibits the same parties from relitigating ultimate issues of fact that already have been resolved as between them through a valid, final judgment. *See*, *e.g.*, *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) ("Collateral estoppel ... has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."). This doctrine applies to non-dischargeability litigation. *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991).

When presented with a state court judgment, the full faith and credit clause of the U.S. Constitution requires a federal court to apply the forum state's law on collateral estoppel.  *See*, *e.g.*, *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir. 1995); *see also* 28 U.S.C. § 1738.  As a Kentucky state court issued the Judgment, this Court must give the Judgment the same preclusive effect that a Kentucky state court would give it.  This Court previously has set forth pertinent law on this jurisprudential doctrine as it relates to the recognition of Kentucky judgments:

> Kentucky recognizes two kinds of preclusion—claim preclusion (or res judicata) and issue preclusion (or collateral estoppel).  *See Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 871-73 (Ky. 2011).  "Claim preclusion bars a party from relitigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action.  Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action."  *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998) (citations omitted). …
>
> The elements of offensive issue preclusion (that is, issue preclusion asserted by a plaintiff) in Kentucky, as recently recapitulated by the district court, are as follows:
>
>> An earlier case only bars subsequent litigation over issues that (1) are the same as the issues now presented, (2) were actually litigated, (3) were actually decided, and (4) were necessary to the prior court's judgment.... [B]efore issue preclusion will stick against a current defendant who lost earlier . . . [t]wo further elements must be met: (5) the defendant must have had a "realistically full and fair opportunity to litigate the issue," and (6) preclusion must be consistent with "principles of justice and fairness."
>
> *Columbia Gas Transmission, LLC v. Raven Co., Inc.*, Civil No. 12-72-ART, 2014 U.S. Dist. LEXIS 80480, 2014 WL 2711943, at *4 (E.D. Ky. June 13, 2014) (citation omitted) (quoting *Berrier v. Bizer*, 57 S.W.3d 271, 281 (Ky. 2001)).

*Bank of Ky., Inc. v. Nageleisen (In re Nageleisen)*, 523 B.R. 522, 527-528 (Bankr. E.D. Ky. 2014).

### C. Default judgments are entitled to preclusive effect in Kentucky.

Both the judgment entered on Debtor's liability to Plaintiff for the tort of battery and the Judgment liquidating Plaintiff's damages arising from the injury Debtor caused Plaintiff were entered by default. Kentucky courts grant preclusive effect to default judgments. *See Columbia Gas Transmission, LLC v. Raven Co.*, Civil No. 12-72-ART, 2014 U.S. Dist. LEXIS 80480, at *13 (E.D. Ky. 2014) ("[W]hen it comes to default judgments, Kentucky notably departs from the Restatement's approach, according such judgments preclusive effect. *See Davis v. Tuggle's Adm'r.*, 297 Ky. 376, 178 S.W.2d 979, 981 ([Ky.] 1944) ('The fact that no defense was offered in the suit against the contentions of the widow cannot make any difference, for the rule as to the conclusiveness of judgments applies to a judgment by default.'); *see also Hill v. Petrotech Res. Corp.*, 325 S.W.3d 302, 309 (Ky. 2010) (reaffirming the rule in *Davis*)."). Accordingly, under Kentucky's doctrine of issue preclusion, these two state court judgments against Debtor are considered "actual litigation" of the issues addressed therein.[5]

However, Debtor raises tangentially-related arguments against this conclusion predicated on his allegations of improper service of pleadings and motions filed in the Kentucky state court. This issue has been raised, and currently is on appeal, in Kentucky's state court system. When entering a default judgment against Debtor on liability for battery in 2013, the trial court found that Debtor "was duly summonsed and filed a Response and Counterclaim which were subsequently stricken. No responsive pleadings were filed by [Debtor] thereafter." [ECF No. 71-1.] Then, the trial court's 2014 Judgment liquidating Plaintiff's damages against

---

[5] The Court notes that the Judgment states: "This is a final and appealable Order and there is no just reason for the delay of its entry." [ECF No. 71-2 at 2.] "As a general principle, a judgment [in Kentucky] becomes final ten days after its entry by the trial court. *See* CR 52.02, 59.04, 59.05." *Harris v. Camp Taylor Fire Prot. Dist.*, 303 S.W.3d 479, 482 (Ky. App. 2009). Further, the record does not reflect that Debtor took a timely appeal from the Judgment in accordance with Kentucky Civil Rule 73.02. Accordingly, for purposes of this proceeding, the Judgment is a valid, final judgment.

Debtor found that Debtor "has been properly served with a Civil Summons and has failed to present himself before this Court." [ECF No. 71-2.] Next, Debtor appeared before the state court in 2017 and argued that he was entitled to relief under Kentucky Civil Rule 60.02 based on allegedly improper service of pleadings in the case, and the state court denied that motion. [ECF No. 71-12.] Debtor has appealed from this order to the Kentucky Court of Appeals.

It is not this Court's place to second-guess the state court's determinations on service issues, which provide that Debtor had a full and fair opportunity to litigate the battery case in the state court. *See Mont. v. U.S.*, 440 U.S. 147, 162 (1979) ("[A] *fact*, *question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law.") (internal quotations and citations omitted) (emphasis in original). Rather, the Court will allow the Kentucky appellate courts to consider Debtor's arguments, as only the United States Supreme Court may review final determinations of state court proceedings. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476, 482 at n.16 (1983). For purposes of this adversary proceeding, the Judgment and the default judgment adjudicating Debtor's liability for battery constitute a final decision on the merits entitled to preclusive effect.

> **D.     The same matters at issue in this non-dischargeability proceeding already were litigated and decided in the state court battery case such that application of the doctrine of collateral estoppel is appropriate.**

The claim Plaintiff asserted against Debtor in Kentucky state court required the state court to determine whether Debtor caused a willful and malicious injury to Plaintiff. The state court adjudicated liability against Debtor on that claim. As a result, the doctrine of collateral

estoppel applies here, and applying the doctrine is consistent with principles of justice and fairness.

The state court complaint [ECF No. 71-4] sought damages against Debtor for a civil battery—an unconsented and offensive touching by Debtor of Plaintiff while Plaintiff, then a minor, was in an examination room to obtain an eye exam from Debtor. In opposition to the MSJ, Debtor repeatedly mischaracterizes Plaintiff's claim against him in state court as one for emotional distress. A review of the state court complaint makes clear that Plaintiff sued Debtor for battery. Furthermore, the Judgment states that Debtor "committed battery and caused the Plaintiff to suffer emotional distress as a result of his actions." [ECF No. 71-2.]

"Although Kentucky case law defines common law civil battery simply as 'any unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him,' intent is an essential element." *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000) (quoting *Graves v. Dairyland Ins. Group*, 538 S.W.2d 42 (Ky. 1976)). "Liabilities resulting from assault and battery are generally considered to derive from willful and malicious conduct and are therefore nondischargeable in bankruptcy." *Fowler v. Cooney (In re Cooney)*, 18 B.R. 1011, 1013 (Bankr. W.D. Ky. 1982); *see also In re Pitner*, 696 F.2d 447, 449 (6th Cir. 1982) ("It has been a general rule that liabilities arising from assault and battery are considered as founded on willful and malicious injuries.").

In this proceeding, Plaintiff seeks relief under § 523(a)(6). This Court recently set forth the law in the Sixth Circuit on non-dischargeability actions under this section as follows:

> [Section] 523(a)(6) excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6). To succeed on this claim, Plaintiff had the burden to prove by a preponderance of the evidence that Debtor engaged in willful and malicious conduct that resulted in an injury to [Plaintiff] or its property. As the Bankruptcy Appellate Panel for the Sixth Circuit stated:

8

> To except a debt from discharge under § 523(a)(6), the alleged injury must be both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999). For a debt to be held willful and malicious as contemplated by § 523(a)(6), the act at issue must be done with the actual intent to cause injury. *Id*. at 464. The requisite intent is present when the debtor "'desires to cause [the] consequences of his act, or ... believes that the consequences are substantially certain to result from it.'" *Id*. (citation omitted). Section 523(a)(6) requires a debtor to commit an act akin to an intentional, rather than negligent or reckless tort. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L.Ed.2d 90 (1998). An act is "malicious" if it is undertaken "in conscious disregard of one's duties or without just cause or excuse." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986). "Malicious" acts do "not require ill-will or specific intent to do harm." *Id*. The party seeking to deny debtor a discharge bears the burden of proving both requirements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661, 112 L.Ed.2d 755 (1991).
>
> *In re Phillips*, 434 B.R. 475, 483 (B.A.P. 6th Cir. 2010).
>
> As a result, to succeed under § 523(a)(6), Plaintiff had to show that Debtor "actually intended the injury caused, not merely intended the act that caused the injury." *Bush v. Roberts* (In re Roberts), 452 B.R. 597, 603 (Bankr. W.D. Ky. 2011). A willful and malicious injury has not been committed unless the "actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it." *Markowitz*, 190 F.3d at 464. "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger*, 523 U.S. at 64.

*Feldman v. Pearl (In re Pearl)*, 577 B.R. 513, 532 (Bankr. E.D. Ky. 2017).

Given the common elements of Kentucky's intentional tort claim for battery and the elements of a cause of action under § 523(a)(6), issue preclusion applies here. As the Kentucky Supreme Court explained in *Vitale*, a person found liable for battery must have intended to cause an injury. 24 S.W.3d at 657. Thus, the intentional tort of battery in Kentucky involves willful and malicious conduct by the defendant. As a result, Debtor's intent to cause Plaintiff's injury was a primary component of the battery claim that Plaintiff filed against Debtor in Kentucky state court. The state court found Debtor liable to Plaintiff for battery. Therefore, the issue in this case—whether Debtor caused a willful and malicious injury to Plaintiff—is the

same as that decided in the state court, and this finding of liability for an unconsented touching was necessary to the state court's judgment.

The Court has reviewed the parties' many substantive filings in this case and is convinced that applying issue preclusion is consistent with "principles of justice and fairness." "[W]here the application of offensive estoppel would be unfair to a defendant, the trial judge in the exercise of his discretion should not allow" its use. *Covington v. Bd. of Trustees of Policemen's & Firefighters' Ret. Fund*, 903 S.W.2d 517, 521-22 (Ky. 1995). After the incident between the parties occurred, Plaintiff proceeded to Kentucky state court with a complaint alleging that Debtor committed a battery against her. Debtor then appeared in the case and filed an answer and counterclaim, which later were stricken. In a final judgment, the state court found that Debtor is liable to Plaintiff for a $40,000 debt arising from Debtor's non-consensual touching of Plaintiff while he was supposed to be performing an eye examination—*i.e.*, the state court case involved serious allegations of tortious conduct by Debtor while performing his duties as a professional. Debtor had every incentive to participate in the state court proceeding, making it fair and just to grant preclusive effect to the Judgment.

Debtor contends that it would be unfair to grant preclusive effect to the Judgment because he did not receive notice of the damages hearing and, therefore, his due process rights were violated. [ECF No. 79 at 8.] This argument is a derivation of Plaintiff's contentions in his pending appeal before the Kentucky Court of Appeals. The Court has considered Debtor's contention. Given the record before the Court in this case, the Court is not persuaded that "principles of justice and fairness" weigh in Debtor's favor.

### III. The Court will not exercise its discretion to convert Debtor's MTD into a motion for summary judgment.

Returning to the final issue respecting Debtor's MTD, the Court considered converting the MTD to a motion for summary judgment based on the MTD's references to matters outside the pleadings and arguments therein. Civil Rule 12 provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [Federal Rule of Civil Procedure] 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d). Courts have discretion when considering whether to convert a motion to dismiss for failure to state a claim to a motion for summary judgment. *See*, *e.g.*, *Brokers' Choice of Am., Inc. v. NBC Univ., Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("We review for abuse of discretion a district court's refusal to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. When presented with a Rule 12(b)(6) motion, the district court has broad discretion in determining whether to accept materials beyond the pleadings.") (citations omitted); *Midas Auto Sales, Inc. v. Holley (In re Holley)*, Case No. 7-12-12608 Ta, Adv. No. 12-1301 T, 2013 Bankr. LEXIS 1937, at *3-4 (Bankr. D.N.M. May 9, 2013) ("Under … Bankruptcy Rule 7012 and [Civil Rule] 12, the Court must either exclude all matters presented that are outside of the pleadings, or else treat the Motion as a motion for summary judgment. The Court has broad discretion to refuse to accept the extra-pleading materials and resolve the motion solely on the basis of the pleading itself.").

The Court declines to treat the MTD as a motion for summary judgment. As explained above, Plaintiff has established an entitlement to a summary judgment in her favor. In contrast, Debtor's arguments in the MTD about Plaintiff's discovery responses in this case concerned the proof presented to the state court resulting in the entry of the Judgment. Based on principles

related to the finality of state court judgments and the doctrine of collateral estoppel (discussed above), the discovery responses in this case have no bearing on whether Debtor can satisfy her burden of proof at the summary judgment stage. In other words, the "facts" that the MTD puts before the Court do "not change the legal landscape." *Choate v. Merrill*, 685 F. Supp. 2d 146, 149 (D. Me. 2010) (stating that decision whether to convert a motion to dismiss to a motion for summary judgment under Civil Rule 12(d) is in the judge's discretion and affirming magistrate judge's decision not to convert motion). Therefore, in its discretion, the Court opts not to construe the MTD as a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Debtor's Motion to Dismiss [ECF No. 74] is DENIED. Further, Plaintiff has established that the Judgment against Debtor is excepted from Debtor's discharge under § 523(a)(6) and her Motion for Summary Judgment [ECF Nos. 70, 71] will be granted. A separate judgment will be entered concurrent with this Opinion.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Friday, January 18, 2019
(tnw)